UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RADCLIFFE O. McNAB,

                      Plaintiff,

v.                                                        9:12-CV-26
                                                               (GTS/ATB)

C.O. JOHN DOE #1, a.k.a. MO, Correctional Officer
of Ulster Correctional Facility; R. MILLER,
Correctional Officer, Ulster Correctional Facility,
and GUTIERREZ, C.O.,

                      Defendants.
_____

APPEARANCES:                                             OF COUNSEL:

RADCLIFFE O. McNAB
  Plaintiff, *Pro Se*
20 E. 3rd Street, Apt. 6C
Mt. Vernon, New York 10550

HON. ERIC T. SCHNEIDERMAN                    WILLIAM A. SCOTT, ESQ.
Attorney General for the State of New York          Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Radcliffe O. McNab ("Plaintiff") against the three above-captioned employees of the New York State Department of Corrections and Community Supervision pursuant to 42 U.S.C. § 1983, are the following: (1) a motion for summary judgment filed by Correctional Officers R. Mill and Gutierrez ("Defendants"); (2) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Defendants' motion be granted; and (3) Plaintiff's

Objection to the Report-Recommendation. (Dkt. Nos. 51, 58, 60.) For the reasons set forth below, Magistrate Judge Baxter's Report-Recommendation is accepted and adopted in its entirety; Defendants' motion is granted; Plaintiff's claims against Correctional Officers R. Mill and Gutierrez are dismissed with prejudice; his claim against C.O. John Doe #1 (a/k/a "Mo") being dismissed without prejudice; and his Complaint is dismissed in its entirety.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Baxter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Baxter rendered the following recommendations: (1) Plaintiff's claims against Defendant Gutierrez should be dismissed due to Plaintiff's failure to complete service on him; and (2) Plaintiff's claims against Defendants Gutierrez and Miller should be dismissed due to Plaintiff's failure to exhaust administrative remedies. (Dkt. No. 58, Parts II and IV.)

### B. Plaintiff's Objection to the Report-Recommendation

Generally, in his Objection, Plaintiff argues that the Court should reject the Report-Recommendation for the following reasons: (1) Plaintiff's Complaint should not be dismissed for failure to effectuate service because Plaintiff is not a lawyer and should not be held to the same standards; and (2) Plaintiff's Complaint should not be dismissed for failure to exhaust administrative remedies because Plaintiff submitted his Complaint through letters addressed to "both superintendents" after the correctional facility advised him there were no grievance forms available. (Dkt. No. 60 at "Statement of Facts.")

Defendants filed a letter-brief in response to Plaintiff's objections. (Dkt. No. 61.)

2

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**III.    ANALYSIS**

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein and the reasons stated in Defendants' letter-brief in response to Plaintiff's objections (Dkt. No. 61). To those reasons, the Court adds two points.

First, even when construed liberally, Plaintiff's first and second arguments for rejecting the Report-Recommendation do not contain a *specific* challenge to a finding or conclusion contained in the Report-Recommendation. As a result, the "challenged" portions of the Report-Recommendation are entitled to only a clear-error review, which they easily survive. In the alternative, those portions of the Report-Recommendation survive a *de novo* review.

---

[4]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Second, Plaintiff's remaining Fourth Amendment claims against Defendant C.O. John Doe #1 (a/k/a "Mo") is dismissed without prejudice for failure to serve pursuant to Fed. R. Civ. P. 4. On June 5, 2013, the Court issued a Decision and Order directing that Plaintiff's Fourth Amendment claim against Defendant C.O. John Doe #1 (a/k/a "Mo") shall be dismissed in its entirety unless, within thirty days from the filing date of this Decision and Order, Plaintiff files a Second Amended Complaint identifying Defendant C.O. John Doe #1. (Dkt. No. 23, at 2, 26.) On October 10, 2013, the Court *sua sponte* reconsidered and amended its Decision and Order of June 5, 2013, directing that, "[p]ursuant to the schedule to be established by Magistrate Judge Baxter, Plaintiff shall have a reasonable opportunity in which to conduct discovery regarding the identity of Defendant C.O. John Doe (a/k/a "Mo"), and file a Second Amended Complaint identifying him," and that, "[i]f Plaintiff fails to file such a Second Amended Complaint at the end of that reasonable opportunity, this action shall be dismissed without prejudice as against Defendant Doe." (Text Order dated Oct. 10, 2013.) On October 20, 2014, Magistrate Judge Baxter issued a Mandatory Pretrial Discovery and Scheduling Order, which set deadlines for, *inter alia*, discovery and motions to amend the pleadings. (Dkt. No. 47.)

However, subsequently, Plaintiff never filed a Second Amended Complaint identifying Defendant C.O. John Doe #1 (a/k/a "Mo"). (*See generally* Docket Sheet.) This fact was correctly observed by Magistrate Judge Baxter in his Report-Recommendation of December 7, 2015. (Dkt. No. 58, at 7, n.4.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 58) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 51) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims against Correctional Officers R. Mill and Gutierrez are **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's claim against C.O. John Doe #1 (a/k/a "MO") is **DISMISSED without prejudice** for failure to identify and serve under Fed. R. Civ. P. 4; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety, and the Clerk of the Court shall enter Judgment for Defendants and close this action.

Dated: January 27, 2016
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge